**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MIRANDA ARTIAGA, | No. 08-72201 |
| Petitioner, | Agency No. A078-025-482 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Jose Miranda Artiaga, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order affirming an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Artiaga did not allege he experienced past persecution or any harm in El Salvador. Substantial evidence supports the agency's determination that Artiaga failed to establish a nexus between the persecution he fears from gang members in El Salvador and a statutorily protected ground. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States," is too broad to qualify as a cognizable social group). Accordingly, Artiaga's withholding of removal claim fails.

Artiaga does not challenge the agency's denial of his asylum application as time-barred or the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument in a party's opening brief are deemed waived).

**PETITION FOR REVIEW DENIED.**

08-72201